# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROL MONTAGANO | |
| Plaintiff, | Civil Action No. 16-9375 (MAS)(DEA) |
| v. | **MEMORANDUM OPINION & ORDER** |
| SAFECO INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

This matter comes before the Court on a joint submission by the parties concerning a discovery dispute. Plaintiff asks the Court to compel Defendant to produce certain documents and communications that Defendant has withheld on the basis the attorney-client privilege and/or work product doctrine. *See* Joint Submission dated June 18, 2018 at ECF No. 24. Defendant has opposed that request. *Id.*

The relevant factual and procedural history of this case, which is well known to the Court and the parties, is set forth in the Joint Submission and need not be recited here. *Id.* at 1-2. In the course of discovery, Defendant produced a Privilege Log which described numerous documents and communications which Defendant has declined to produce (the "Withheld Documents") based on its assertion of either the attorney-client privilege or the work product doctrine. *Id.* at Ex. A. The Withheld Documents consist of (1) insurance claims file notes and (2) pre-litigation communications, and Plaintiff argues that neither privilege applies to the Withheld Documents. With respect to the claims file notes, Plaintiff contends that these "were prepared by Defendant in the regular course of business while evaluating whether to approve or deny [Plaintiff's]

request for a Life Care Plan and the proposed structured settlement to fund the same." ECF No. 24 at 6. Plaintiff maintains that the claims file notes were not "exchanged between [Defendant] and its counsel for the purpose of obtaining or providing legal assistant for Defendant. *Id.* Consequently, Plaintiff argues, the claims file notes are not shielded from disclosure by either the attorney-client privilege or work product doctrine. Plaintiff also argues that Defendants Privilege Log fails to provide the required details and specificity to establish that the privilege applies to the claims file notes. *Id.* at 3.

Similarly, with respect to the pre-litigation documents and communications that relate to the Plaintiff's proposed structured settlement and Life Care Plan, Plaintiff contends that these documents "were created in the ordinary course of Defendant's business, long before Defendant denied the request for a Life Care Plan and years before the Plaintiff initiated this lawsuit in 2015." *Id.* at 8. As such, Plaintiff argues, the work product doctrine does not protect these documents from disclosure. Plaintiff also argues that Defendant's Privilege Log lacks the required factual predicate to establish that either the work product doctrine or the attorney-client privilege applies; and that the "vague assertion" of the privilege or the "mere presence" of an attorney's name on a document or communication is insufficient to establish that the privilege applies. *Id.* at 9-10.

In response, Defendant argues that "Plaintiff's demand to overcome the [D]efendant's assertion of work production privilege is primarily based upon one fundamental flaw; that [the Withheld Documents] were created in the ordinary course of the handling of an insurance claim." *Id.* at 11. Rather, according to Defendant, the "work product documents" listed on Defendant's Privilege Log relate to the potential settlement of Plaintiff's claim for future benefits, and not to any activity ordinarily undertaken by Defendant in the handling of an

2

insurance claim. *Id.* More specifically, Defendant argues, the then-prevailing statutory scheme did not contemplate any potential buy-out or other settlement of an insured's claim for unlimited personal injury protection benefits. "Therefore, [Defendant concludes,] any aspect of the claim involving that issue was far from the [ordinary] handling of a claim." *Id.* at 13. In further support of its conclusion, Defendant argues: (1) because the claim covers an incapacitated person, any attempt to modify the claim would necessarily require court approval; and (2) Defendant agreed to pay for legal counsel for its insured "in light of the need for litigation and to ensure fairness in any proposal." *Id.*

With respect to Defendant's assertion of the attorney-client privilege as to certain of the Withheld Documents, Defendant maintains that it has reviewed and revised its Privilege Log based on Plaintiff's most recent objections and, as a result, only 3 disputed documents have been withheld or redacted based on attorney-client privilege. Defendant has agreed to submit these documents for *in camera* review.

With respect to the remaining Withheld Documents, the question before the Court is whether these documents are protected from disclosure by the work product doctrine. The work product doctrine protects "documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3). The doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000). It is well-established that the work product doctrine does not cover documents prepared "in the ordinary course of business", rather, it protects those prepared in anticipation of litigation. *United States v. Rockwell Int'l*, 897 F.2d 1255, 1266 (3d

Cir. 1990). A document is considered to be prepared "in anticipation of litigation [when] in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Proceedings*, 604 F.2d 798, 803 (3d Cir. 1979).

Defendant spends much of its submission disputing Plaintiff's assertion that the Withheld Documents were created in the ordinary course of Defendant's business and, therefore, are not protected from disclosure. Defendant argues that the circumstances under which the documents were created – in connection with Plaintiff's request for a Life Care Plan – are outside of the scope of Defendant's ordinary business activities. The Court, however, is not persuaded that the unique nature of Plaintiff's request for a Life Care Plan somehow renders Defendant's evaluation of that request outside the ordinary scope of its business. It is fundamental to the business of insurance to evaluate claims by insureds.

More importantly, however, Defendant's argument that the disputed documents were not created in the ordinary course of business misses the point. The critical inquiry here is not whether the materials at issue were created in the ordinary course of Defendant's business, it is whether Defendant prepared the materials in anticipation of litigation. The Court finds that Defendant has not made that showing.

Defendant maintains that, because of the involvement of an incapacitated party, court intervention would have been required if the parties had agreed to implement and fund a Life Care Plan. As such, Defendant contends that "the proposition of a policy buyout or structured settlement inevitably and unquestionably required litigation," and "all of the activities involved in the proposed policy buyout were performed while anticipating [that] litigation." ECF No. 24 at 13.

4

However, even if Court approval would have been required had the parties reached an agreement in connection with a Life Care Plan, the Court finds that under the facts presented here the work product doctrine does not shield the Withheld Documents. The work product rule is designed to protect an attorney's work from his litigation adversary. Shielding work product from disclosure "promotes the adversary system by enabling attorneys to prepare cases without fear that their work product will be used against their clients." *In re Grand Jury Matter #3*, 847 F.3d 157, 165 (3d Cir. 2017) (quoting *Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414, 1428 (3d Cir. 1991)). The "litigation" contemplated by the work product doctrine, therefore, is an adversarial proceeding. *See Community Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, No. 10-1559, 2014 WL 4165385, at *3 (M.D. Pa. Aug. 20, 2014) ("In distinguishing between proceedings which qualify as litigation and those that do not, the adversarial nature of the proceeding is characteristic of litigation."); *Elcommerce.com, Inc. v. SAP AG*, No. 09-4458, 2010 WL 3421101, at *3 (E.D. Pa. Aug. 27, 2010) ("The purpose of the work-product privilege is to promote a fair and efficient adversarial system by protecting the attorney's thought processes and legal recommendations from the prying eyes of his or her opponent.") (quotations omitted).

At the time the documents at issue were created, the parties were neither engaged in or anticipating an adversarial proceeding. Rather, Plaintiff had proposed to Defendant an alternative for addressing claims for future medical costs, and that proposal was being considered by Defendant. While Defendant may have contemplated seeking judicial approval of such an agreement, under the present facts this is not sufficient. Such a proceeding would not have been adversarial in nature, would not have involved a settlement resolving an adversarial proceeding, and would not have involved the settlement of a potential adversarial proceeding based on a

denial of a claim, as the documents were created before Defendant denied Plaintiff's request for the Life Care Plan. Given these facts, the Court finds that the documents were not created in anticipation of litigation and, therefore, do not fall within the scope of the protection of the work product doctrine. Accordingly,

**IT IS** on this 14th day of August 2018,

**ORDERED** that the 3 documents being withheld by Defendant on the basis of attorney-client privilege are to be submitted to the Court for *in camera* review no later than August 17, 2018; and it is further

**ORDERED** that the remaining Withheld Documents are to be produced to Plaintiff no later than August 21, 2018.

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge