UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL BUILDING
& U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

NOT FOR PUBLICATION

June 29, 2020

LETTER OPINION & ORDER

VIA CM/ECF
All counsel of record

Re: *Carol Montagano v. Safeco Insurance Company of America*, No. 16-9375

Dear Counsel:

This matter comes before the Court upon Plaintiff Carol Montagano's ("Plaintiff" or "Carol Montagano") Motion for Partial Summary Judgment (ECF No. 39), and Defendant Safeco Insurance Company of America's ("Defendant" or "Safeco") Motion for Partial Summary Judgment (ECF No. 40). Safeco opposed Plaintiff's Motion (ECF No. 43), and Plaintiff replied (ECF No. 45). Plaintiff opposed Safeco's Motion (ECF No. 51), and Safeco did not file a reply brief.

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below,[1] the Court finds genuine disputes of material fact preclude summary judgment for Plaintiff and finds Safeco failed to comply with the Court's fourth revised scheduling order and Local Civil Rule 56.1(a). The Court, accordingly, denies both motions for partial summary judgment.

I. **Legal Standard**

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The substantive law identifies what facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (citation omitted).

---

[1] After more than three years of discovery and motion practice, the parties are familiar with the background of this case. The Court, therefore, dispenses with a summation of the background.

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *See Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court will not "weigh the evidence and determine the truth of the matter," but will determine whether a genuine dispute necessitates a trial. *Anderson*, 477 U.S. at 249. The Court also will not "resolve factual disputes or make credibility determinations." *Rhodes v. Marix Servicing, LLC*, 302 F. Supp. 3d 656, 661 (D.N.J. 2018) (quoting *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995)). Although the moving party bears the initial burden of showing the absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to "set forth specific facts showing that there is a genuine [dispute] for trial." *Anderson*, at 250. The Court must grant summary judgment if the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine dispute of material fact exists. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) (citation omitted). Furthermore, "a party does not raise a genuine [dispute] of material fact by speculation and conclusory allegations." *Dunkin' Donuts Inc. v. Patel*, 174 F. Supp. 2d 202, 210 (D.N.J. 2001) (citation omitted).

## II. Discussion

### A. Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves for partial summary judgment as to Count One of the Amended Complaint (ECF No. 5), seeking a finding that Safeco breached the terms of the policy[2] and, therefore, is liable to pay Plaintiff's attendant care claim (Pl.'s Moving Br. 12, ECF No. 39-1). The Court denies Plaintiff's Motion for Partial Summary Judgment because there is at least one dispute of material fact.

Plaintiff seeks backpay for the attendant care services she has provided to Wendy since Wendy's 18th birthday. (Pl.'s Moving Br. 7–11.) Plaintiff points to several internal Safeco communications and claims memoranda in which Safeco acknowledges that Plaintiff's decision to care for Wendy saved the company significant money it would otherwise have had to spend to have nursing aides present in the home. (Exs. 11–16 to PSUMF, ECF No. 39-3.) Because Plaintiff has been providing these services to Wendy since the accident, Plaintiff contends she is entitled to compensation. (Pl.'s Moving Br. 12.)

In opposition, Safeco argues that Plaintiff "cared for Wendy on a voluntary basis instead of asking Safeco to hire someone to do so" and that she cannot now "request payments, with interest, for work performed voluntarily for the past 26 years." (Def.'s Opp'n Br. 5, ECF No. 43.) Safeco points to correspondence Plaintiff sent Safeco's predecessor in interest in May of 1990, wherein she stated, in relevant part,

---

[2] Plaintiff and her daughter, Wendy Giano ("Wendy"), were injured in a car accident in 1975 when Wendy was three and one-half months old. (Plaintiff's Statement of Undisputed Material Facts ("PSUMF") ¶ 1, ECF No. 39-2; Defendant's Reply to Plaintiff's Statement of Undisputed Material Facts ("DRSUMF") ¶ 1, ECF No. 43-1.) At the time of the accident, Plaintiff and her then-husband maintained an insurance policy with Safeco's predecessor-in-interest. (PSUMF ¶ 9; DRSUMF ¶ 9.) The parties do not dispute that Safeco is the insurer responsible for Wendy's claim. (PSUMF ¶ 12; DRSUMF ¶ 12.)

2

> Please realize that I am not complaining because *I made the decision to take care of Wendy myself* 15 years ago. . . . However, in all honesty, caring for Wendy is more difficult now then it was when she was younger and smaller. In all probability I will need more help, not less. However, if you compare the cost of your assistance to the cost of [a] residential school or program, I am sure you will agree that the savings are considerable.

(Carol Montagano's May 15, 1990 Correspondence, Ex. D to Def.'s Opp'n Br. *3[3], ECF No. 43-7) (emphasis added). Safeco argues Plaintiff's correspondence indicates that, as early as 1990, she understood she had made the decision to voluntarily care for Wendy on her own and that such a decision would likely result in cost savings for the insurer. (Def.'s Opp'n Br. 11–12.)

On reply, Plaintiff avers that "Safeco's assertion that [Plaintiff] voluntarily provided the [a]ttendant [c]are [s]ervices to Wendy, without expectation of compensation from Safeco, is false." (Pl.'s Reply Br. 8, ECF No. 45.)

The Court finds that the resolution of this dispute would necessarily require it to make credibility determinations and "weigh the evidence and determine the truth of the matter," which is not permitted on a motion for summary judgment. *See Anderson*, 477 U.S. at 249. Considering all facts and their logical inferences in Safeco's favor, the Court finds Plaintiff has failed to show there is no dispute of material fact. The Court, accordingly, denies Plaintiff's Motion for Partial Summary Judgment.[4]

### B.   Safeco's Motion for Partial Summary Judgment

Safeco seeks partial summary judgment in its favor as to Count One of the Amended Complaint (ECF No. 5), to the extent Plaintiff seeks to hold Safeco liable for funding a life care plan to pay for all of Wendy Giano's future medical expenses (Def.'s Moving Br. 4, ECF No. 40-3).

The Court finds Defendant's Motion procedurally and substantively defective and, accordingly, finds good cause to deny it. First, Defendant's Motion is untimely. On September 9, 2019, the Honorable Douglas E. Arpert, U.S.M.J., issued a fourth revised scheduling order that set a deadline of November 22, 2019 for all dispositive motions. (ECF No. 37.) Defendant failed to file its Motion by the deadline and failed to seek leave of Court or Plaintiff's consent for an extension. Safeco has similarly failed to provide any rationale or good cause to justify its delay. Plaintiff raised the issue of untimeliness in its opposition brief. (Pl.'s Opp'n Br. 12, ECF No. 51), to which Defendant failed to file a reply.

---

[3] The Court references the page number listed in the ECF header.

[4] The Court also notes that Plaintiff cites no New Jersey or Third Circuit precedent supporting the proposition that non-professional family members can recover for attendant care services they provide. (*See generally* Pl.'s Moving Br.)

3

Federal Rule of Civil Procedure 16(f)(1)(C) permits the Court to "issue any just orders" if a party "fails to obey a scheduling order or other pretrial order." "[S]cheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986). Indeed, Courts within this District have found good cause to deny motions for summary judgment filed after the dispositive motion deadline set forth in a pretrial scheduling order. *See, e.g., Chiropractic All. of N.J. v. Parisi*, 164 F.R.D. 618, 621 (D.N.J. 1996) (denying defendant's motion for summary judgment as untimely because it was filed seven days after the deadline set forth in the pretrial scheduling order); *see also Estate of Harrison v. Trump Plaza Hotel & Casino*, No. 12-6683, 2015 WL 6951691, at *1 (D.N.J. Nov. 10, 2015); *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) ("The district court did not abuse its discretion when it initially struck [d]efendants' motion for summary judgment as untimely. Defendants' motion for summary judgment was one day late.").

Additionally, the Court finds that Defendant failed to comply with Local Civil Rule 56.1(a) which states, in relevant part,

> [T]he opponent [to a motion for summary judgment] may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition. *The movant shall respond to any such supplemental statement of disputed material facts as above, with its reply papers.*

L. Civ. R. 56.1(a) (emphasis added). Here, Plaintiff filed a Supplemental Statement of Disputed Material Facts in conjunction with her Opposition Brief. (ECF No. 50.) Defendant did not file a reply brief, nor did it respond to Plaintiff's Supplemental Statement of Disputed Material Facts. Because Defendant's Motion is untimely, and because Defendant failed to comply with Local Civil Rule 56.1(a), the Court, accordingly, denies Defendant's Motion.

### III.  Conclusion

In sum, the Court finds there are genuine disputes of material fact that preclude summary judgment for Plaintiff and finds Safeco failed to comply with the Court's fourth revised scheduling order and Local Civil Rule 56.1(a). The Court, accordingly, denies Plaintiff's Motion for Partial Summary Judgment (ECF No. 39) and denies Safeco's Motion for Partial Summary Judgment (ECF No. 40).

### IV.  Order

Based on the foregoing, and for other good cause shown,

**IT IS** on this 29th day of June 2020 **ORDERED** that:

1. Plaintiff's Motion for Partial Summary Judgment (ECF No. 39) is **DENIED**.

4

2. Safeco's Motion for Partial Summary Judgment (ECF No. 40) is **DENIED**.

3. By **July 8, 2020**, the parties shall e-file correspondence to the Hon. Douglas E. Arpert, U.S.M.J, jointly proposing dates for a final pre-trial conference to take place no later than **July 30, 2020**.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
